Leroy ROWSER et al.,
Plaintiffs–Appellants,

v.

Samuel MILLER, Receiver,
Defendant–Appellee.

No. 78–3212.

United States Court of Appeals,
Sixth Circuit.

Argued June 10, 1980.

Decided Sept. 26, 1980.

Ishmael C. Childs, Cleveland, Ohio, for plaintiffs–appellants.

Howard W. Broadbent, Barbara Leukart, Jones, Day, Reavis & Pogue, Cleveland, Ohio, for defendant–appellee.

Before MERRITT, BROWN and JONES, Circuit Judges.

MERRITT, Circuit Judge.

This is an appeal from the sua sponte dismissal by District Judge Green of the plaintiff's racial discrimination complaint five days after it was filed. The ten plaintiffs were black supervisory employees of the Cleveland Sheraton Hotel while the hotel was under the receivership of the defendant. Their complaint, brought under 42 U.S.C. § 1981, alleges that the receiver discriminatorily refused to give them the same accumulated vacation pay and other benefits as he gave to the white supervisory employees. The plaintiffs admit that they eventually received their withheld pay and benefits. As compensatory damages, then, they seek only a total of $46.87, which is the amount of interest that accrued on the withheld pay and benefits. The complaint additionally seeks injunctive relief and $250,000 in punitive damages. The District Court summarily dismissed the complaint as frivolous.

■ The District Court erred in dismissing the complaint on the ground that it was frivolous. In pecuniary terms, of course,

this is a fairly minor lawsuit; the plaintiffs each seek only $4.68 as compensatory damages. Yet a serious moral question is presented by this case. The complaint alleges that the hotel receiver divided up the employees into two classes. Into one class he placed the black employees. Into another class he placed the white employees. He paid the white employees their fringe benefits and vacation and termination pay. He did not pay the black employees until several months later when they complained. We do not know whether the plaintiffs will be able to prove the set of facts that they have alleged. The conduct alleged by the complaint, however, is a clear and reprehensible violation of federal law. It is to the federal courts—and sometimes to the federal courts alone—that plaintiffs with this sort of complaint must look to find redress. This case thus is anything but frivolous.

The defendant urged for the first time at oral argument that this Court nonetheless should affirm the dismissal on grounds of mootness. The argument runs that in the interim between dismissal of the complaint and argument of this appeal, the Cuyahoga County, Ohio, Court of Common Pleas terminated the receivership and discharged the receiver. An accounting was filed, so we are told, and the receiver was discharged on September 18, 1978. This was six months after the notice of appeal was filed in this case. The record does not disclose whether the receiver advised the state court that this case was pending at the time he sought discharge or whether arrangements were made to satisfy any judgment that might be rendered in the case. Yet counsel claims that under these circumstances the dissolution of the receivership has rendered this controversy moot.

The controversy between the parties is not genuinely moot in the sense that the dispute has been resolved either by settlement or by a set of events that makes the plaintiffs' claim no longer a live issue or controversy. In short, the plaintiffs still want their money and their moral satisfaction, and have not gotten either. A receiver cannot render moot civil rights claims against him by simply dissolving the receivership in an effort to avoid liability.

It is not clear, however, whether the termination of a receivership altogether precludes further recourse on claims arising during the receivership. The Supreme Court faced a somewhat similar situation in *Texas & Pacific Railway Co. v. Johnson*, 151 U.S. 81, 14 S.Ct. 250, 38 L.Ed. 81 (1894). There, the plaintiffs had a tort claim against the receiver of the railroad, who ultimately turned the railroad properties back over to the railroad. The Court held that the plaintiffs could pursue their claim against the successor in interest to the receiver. *See generally* 66 Am.Jur.2d, *Receivers* § 488. In the *Johnson* case, it is true, the company that owned the railroad prior to the receivership got the railroad property back after the reorganization by the receiver. In our case, by contrast, the hotel properties apparently were sold to a third party purchaser. It is also unclear whether the receiver should be held personally liable for compensatory and punitive damages and attorneys' fees should plaintiffs prove that the receiver discriminated against them on grounds of race.

Because the receivership in the present case was terminated after the appeal was filed, the District Court never has had an opportunity to rule on these questions. We therefore remand the case to the District Court for rulings on the merits as well as on the following issues arising from the dissolution of the receivership: (1) whether the third party purchaser of the hotel took the assets subject to the outstanding claims against the receiver on the assets; (2) whether the final report filed by the receiver in state court set forth with the requisite sufficiency and accuracy the receiver's duties to the plaintiffs; (3) whether the receiver owes any fiduciary responsibilities to claimants whose claims are pending at the time of his discharge, and whether the receiver is personally liable for the discharge of such duties; (4) whether the receiver acted in good faith in seeking a dissolution of the receivership while this case

was still pending; and (5) whether, in light of the resolution of the above issues, it is appropriate to allow the plaintiffs to amend their complaint to add or substitute the third party purchaser of the hotel as defendant.

The judgment of the District Court dismissing the complaint therefore is reversed, and the case is remanded for further proceedings in accordance with this opinion. Costs are taxed against the defendant–appellee.

BAILEY BROWN, Circuit Judge, dissenting.

I respectfully dissent from the reversal and remand of this case as is provided in the panel's opinion.

At argument of this case on appeal, it was brought to the attention of the court by counsel for appellee–receiver that appellants had never filed their claims in the receivership pending in the Ohio Common Pleas Court, that the receivership had been terminated, that the appellee–receiver had been discharged, and that the surety on his bond had been released months ago. Counsel contended that this action against the appellee–receiver had therefore become moot. At the invitation of this court, appellee has supplemented the record showing such facts and filed a brief in support of the contention that the case is moot. Appellants have filed a reply brief, but do not take issue with the factual contentions asserted by appellee as to mootness.

In my view, this case against the appellee, Miller as receiver, is now moot.

*Texas & Pacific Ry. Co. v. Johnson,* 151 U.S. 81, 14 S.Ct. 250, 38 L.Ed. 81 (1894), cited in the panel's opinion, is not authority that the case is not moot. In that case, the plaintiff had been injured by the railroad while the railroad was in a receivership in a federal court, and plaintiff brought his action in a Texas state court, after the receiver had been discharged, against the receiver *and the railroad.* The state court held that, under state law, the railroad was liable for the injury although the injury occurred during the receivership, and a judgment was

obtained only against the railroad. The Supreme Court held that such application of state law was not inconsistent with and did not violate any federal law. It did not hold that the case would not have been moot had the appeal involved only an action against the receiver who had been discharged.

The principle involved here is this: "... a case is usually said to have become 'moot' for the purpose of an appeal where by a change of circumstances prior to appellate decision the case has lost any practical purpose for the parties ..." 5 Am.Jur.2d, Appeal and Error, § 762 at 204. A money judgment and/or decree providing for injunctive relief, as are sought against a non-existent receivership, would have no practical purpose.

It may be that liability can effectively be asserted against the receiver individually or against the purchaser of the property at the foreclosure sale as the panel's opinion suggests, but that does not prevent the case before us from being moot. That would be another lawsuit that was not litigated below or in this court.

The question then should be: what disposition do we make of a case that has become moot. The simple and correct answer is: we should dismiss the appeal as being moot.

Instead, the panel's opinion holds that the district judge erred in dismissing these claims as being frivolous (a view that I happen to share, although the total claim for compensatory damage is only $48.87 or an average of $4.68 per plaintiff), and then, in effect, it remands the case with a suggestion that appellants might start over and sue the receiver individually and sue the purchaser at the foreclosure sale and directs the district judge to determine whether appellants can successfully pursue these theories and whether appellants should be allowed to amend and pursue such claims. The opinion so provides even though appellants have not sought such relief in the district court and have not sought such relief here.

While, as the panel's opinion implies, our laws prohibiting racial discrimination have

their roots in the collective conscience of our society, we enforce them because they are laws and not because they represent moral principles. This is so because one person's (or judge's) morality may be another person's (or judge's) immorality, as witness the administration of "justice" in Iran today. This, therefore, is a lawsuit, not an exercise in morality, and we should so treat it. Appellants are represented by lawyers, and it should be for them to decide, not this court to suggest, the next step to take.